Judge Owsley
ddivered tbe Opinion ortho Court.
On the, 16th of June, 1820, the appellant contracted wills the appellee, for a tract of four hundred acres of land, in the county of Adair, at a credit of one year, tyncl executed-his note, for the purchase. *543 money. The appellee at the same time executed bis h-'iid for a title; the conveyance to be by a general warranty deed, and to be made upon the receipt of the purchase money.
Judgment at law for the purchase money.
¡Bill by appel laut for injunction and rescission.
Grounds relied on for a canceiment of the contract.
A ppnlloo' answer.
Decree of (lie circuit court dismissing tiio bill.
Appellee’s title.
Aloxr. Dick’o will.
Patent to Jas. Alerce» in trust tor Dick’s devisees, Jas. Mercer’s 'will.
*543 The purchase money was not paid at the time stipulated, and suit was brought upon the note given therefor by the appellant, and judgment recovered at law by the appellee.
The appellant then exhibited his bill in equity, with injunction to be relieved against the judgment at law, and to obtain a cancelment of the contract for the land.
The grounds upon which reliance is made to cancel tiie contract are the following:
First. The inability of the appellee, through a.defect of tide to convey the land according to his obligation and contract.
Second. The false and fraudulent representation of the appellee, as to there being upon the Hind permanent and lasting springs when he knew there Were, none such.
Third. The fraudulent description of a different boundary of land, in the bond given by the appellee for a title than that which he advertised for sale,, and which the appellant at the time of his purchase Thought he was buying.
The áppCiee denies the charges of fraud, and insists that ho has the legal title to the laud ready to convey according to his undertaking, &c.
The court below was of opinion that the appellant failed to shew any good cause for relied", and pronounced a decree dismissing his bill with damages Ac.
The title which the appellee, (’¡aims to hold, is derived in the following manner, viz:
Through the will of Alexander Dick, made in the State of Virginia, the twenty ninth of January, one thousand seven hundred and eighly-tive, dei ¡sing the whole of his estate, hath real and personal to James Mercer in trust, among oilier things, for the use and benefit of Mary Taliaferro, Charles Champe Taliaferro, and John Fenton Mercer.
The patent which afterwards, on the 11th of October, one thousand seven hundred and eighty-seven, Issued from the State of Virginia* fur the laud to *544 James Mercer, in trust fur the devisees of Alexaader DPT.
Deed by the cestvi que trust of Dink’? will to I’aUon, Hackley and Leo, under whom appellee claimed
The cestui que trusts of a <lovi?c to a trustee cannot n.-i-s the Jo.-rai title by llicic deed.
The will of James Mercer, made also in the State of Virginia, in May, one thousand seven hundred And ninety, one, devising ail his estate, real and personal, to. Mtiscoe Garnett and Benjamin Harrison, in trust for his children, Charles Fenton Mercer, Mary E. D. Mercer and Lucinda Mercer.
The deed of Charles Taliaferro, John Fenioti Mercer and Mary Payton, (late Mary Taliaferro,) by Jamos if. Garnett her attorney in fact, made in the state of New York, in May 179G to Robert Patton., Richard Hackley, and John Leo.
To trace tlie title claimed by the appellee down to him, various other deeds would have to be noticed, but as they are all subsequent to May 179C¿ and purport to be from either Patton, Hackley or the representatives of Lee, or others claiming under some of them, it cannot be important in this contest to bring any of those deeds into particular review unless the tille claimed by the apppellce through Patton, Hackley and Lee was actually vested in them, by the deed to which we have last refered.
IVo are, however, unable to perceive (.he processof reasoning by which the title, cither, legal or equitable. can be ascertained to have been in Patton, Hackley and Lee. The, patent which issued from the Slate of Virginia, though in the name of James Mercer, was not designed and should not. be construed to be a grant to him of both the legal and equitable estate of lite land in fee simple. The. legal title, no doubt, became vnsied in James Mercer in fee, but according to the terms of the natent the title was not to be held by him for his own use and benefit, but in trust, for the use of the devisees of Alexander Dick,, then deceased, so that- whilst the legal- title was in James Mercer the equitable or beneficial interest, was in Alexander Dick’s devisees, in the proportions and subject to Ihe limitations and conditions prescribed in his will.
Willi respect to the legal title, I be re fere, if is impossible to discern how’ it can have passed to Pattern, Hackley and Lee, by the deed of Charles Talla-- *545 ferro, John Fenton Mercer and Mary Payton, (late Mary Taliaferro.) which was given in Mitv Í796: to have passed by that deed, the legal title winch had been granted by the State of Virginia to James Mercer, must have come to the vendors named in the deed, hut there is in this cause nothing to "shew a derivation of title by them from the patentee James Mercer.
^ ^ frast!^ if the deyise? of a nounce the trust tho Ie= ^ j,0irs 0f t{,0 trustee in trast’ a11 of the tute, Trustee may devise the
it is true, James Mercer is proved to have died before the deed was made in 17SG to Patton, Hackley and Lee, and although before his death James Mercer made a will, and devised the land to others in trust for his devisees, vet as thelrustees therein named appeared in court and renounced the trust, the legal title must, notwithstanding the will, have descended upon the heirs and representatives of James Mercer. A conveyance by the heirs of James Mercer, therefore, would dubtiess pass the title as effectually as if niade by him in ¡¡is lifetime; but to have that effect the conveyance should be made by the whole of his heirs and not apart only; if made by part only, the title ^ of those by whom made would pass by the conveyance, but to pass a perfect title, the, whole of the heirs should unite in the conveyance. It is apparent, however, that the deed to Patton, Hackley and Lee, was not made by all the heirs of James Mercer. At the time of his death, James Mercer is proved to have had four children, neither of whom, except John Fenton Mercer, executed the deed. Waving all enquiry as to the authentication of the deed, therefore, it is perfectly clear that, through that deed, Patton, Hackley and Lee cannot have derived a legal title to more than one-fourth of the land, and as to the other three-fourths, the title must (rom any thing contained in the record, be presumed to reside in the other heirs of James Mercer, from whom the present appellant has not attempted to derive any title.
Nor are we of opinion that Patton, Hackley and Lee became invested with a complete and perfect equity to the whole laud by the deed of 1796. The vendors, Charles Taliaferro, John Fenton Mercer, and Mary Payton, are devisees named in the will of Alexander Dick, to whose use the land waq de* *546 vised to James Mercer, and afterwards patented hi his name in trust; so that if the wiil had prescribed no limitations or conditions upon the use devised to them, and there were no available objections to the deed, there would ho .some, reason for maintaining that the entire- equity passed by tiie deed to Patton, Ilarkloy and Lee.
Where a deed of conveyance purports to hove ficen made by attorney the authority most appear; a roeifalin tho deed has no effect.
Where the devise is for use of one for life and in fee, if she have ■issue when she dies without having had children, the estate she conveyed by her deed is determined.
But on the. part of Mary Poyfoil, (late Mary Taliaferro,) the deed purports to have been made not by her in her proper person; but by her attorney in fact. James II. Garnett. To be. effectual to pass her interest in the land, therefore, Garnett must, have derived authority from her to make the conveyance, and proof of that authority should have been mad» in the present case, to enable the. court, to give effect to the deed But tho record contains no such proof. Thconly evidence of Gar-nett’s authority consists in a recital of the fact in Íh.e deed executed by him; and surely' none will contend that the assertion of a person who takes upon himself to act in the- capacity of an agent, made by way of recital in the deed yvhieh he, executes as a-gr.nt, is legitimate evidence of the fact that he was authorised to do the. act.
But suppose tliis objection could be gotten over, and the deed were admitted sufficient to pass ail tho equity that Mrs. Payton possessed in (bo land, siiii it would not follow, that Patton. líarkíey and Lee, were, clothed with the. entire and perfect equity to. tho land. For by the will of Dick, devising the. use of one third of the land to Mary Payton. (th-m Mary Taliaferro.) it is provided, “(hat in case she “ shall marry and have children, the one third giv- “ en to her, shall be to her and her heirs in fee- “ simple, but in rase she should have no children, “ one moiety thereof to go to James Mercer, the “ trustee, in fee-simple, and the other moiety to go *5 to Charles Champe Taliaferro.” &c. Now the fact is-unquestionably proved that Mary Pa.vf.on departed this life without having had children, so that even admitting; the sufficiency of the deed to pass the interest she then possessed, one moiety of what she derived under the will of. Alexander Dirk, must afterwards, upon her death, have vested in the heirs *547 ;im\ representatives of James Mercer, lie having previously departed this life; and the other moiety must also have vested in Charles Champ Taliaferro. It follows, therefore, that upon no principle can the deed to Patton, Hackley and Lee iiave invested them either with the perfect legal title, or the entire equity; and of course’the appellee, claiming through then), cannot have a better title or greater equity than was held by them.
A conveyance from the trustees to lectuiquc trust may be presumed from length jf possession—
But—
If the cestui gus trust had but a life estate unless she liad issue and she died childless no such pr«c' «ampíion can aid lior alienee of the fee.— It cannot be presumed the trustee released to the cestui qv£ trust a greater interest than lie was entitled, -te.
*547 In the preceding remarks, our attention has been mainly directed to the documentary evidence of titúle, contained in the record, and were the contest to turn exclusively upon evidence of that sort, we should have no difficulty in saying that the defendant has not proved himself to he possessed of such a title to the land as enables him to perform his covenant to convey. But the deed to Patton, Hackley and Lee, bears date in 1798, and afthough the written documents contained in the record may without other evidence be insufficient to prove the title to have come to them, it was contended in argument, that after the lapse of time since that deed Was made, every thing necessary to supply the apparent defect in their title, should be presa t.ed in support of the possession of the defendant, who chums under them. If in the devise of the use to the vendors in that deed, no conditions or limitations had been imposed by the will of Alexander Dick, and if there had been a continued and Uninterrupted possession of the land, by Patton, Hackley. and Lee, or those claiming under them, ever since the date of the deed, there would certainly he great plausibility in th,e argument. The most solemn in* siruments have been presumed, from great length of possession, and a conveyance from a trustee to the cestui que use. entitled to a conveyance has been presumed from a possession of shorter duration.
But we have seen that by the will of Alexander Dick, the use which was devised to Mary Taliaferro, was not to belong to her in fee-simple unless she should marry and have children, and in case of her dying without children, it was directed to go to others. Were it, therefore, admissiole to presume from the. *548 length of possession held by those claiming uncley Patton. Hackley and Lee, fhat a deed of conveyance had been made to their vendors., by James Mercer, to whom the band was patented in trust, for the use of those vendors, we should b.e bound to presume that the conveyance made by the trustee, was in conformity to tisú limitation and conditions imposed by the will of Alexander Dick, upan the use. devised to Mary Taliaferro.; and as she is proved to have died without issue, after the death of James Mercer, without the aid of a conveyance from the heirs of James Mercer, (to « horn upon her death one moiety of the use devised to her is directed by the wiil of Alexander Dick to go,) to the defendant, ho evidently cannot have made out a good title to the land in contest.
Evidence as to the adverse possession.
Nol loss.(.ban 20 yours is sufficient to authorize the presumption of a convey-anco from trastees,
Rut; here again it may possibly bo said that from the length of possession, a conveyance from the heirs of James Mercer should, also bo presumed, it should, however, be recollected that the record contains no evidence as to the time Mary Taliaferro died, without which it is impossible, to know how long the possession lias been since held, so as. to enable th’e court from the fact of continued possession to presume anything favorable to a conveyance from those, to whom the interest devised to her passed at her death.
But were there no defect, in the proof, as to tho time Mary Taliaferro (afterwards Mary Payton) died,, still we should bo of opinion that the possession proved is not Such as to authorise a presumption in favor of a conveyance of the legal title of the land in contest. The possession, instead of having been ronlinucd e,ver since the date of the deed to Patton, Ilackley and Lee, is proved not to have been taken of the- land in cor.t&st until less than twenty years from this time. And without intending to decide, what length of possession would create a presumption of title, we can have no hesitation in saying, that any continued possession, short of the time limited, for making entries upon land, cannot within i-tseif create, h presumption of the title having been cauvrjetL
Vendor who cannot make out a title cannot have his contract executed, but must rescind however honest ho may-have acted.
In whatever point of view the question of title is. considered, therefore, we are constrained to say, that the defendant has failed to shew an ability to convey the land, sold by him to the complainant; and being -unable to convey, though he may have committed no actual fraud in selling; the court below ought to have decreed a perpetual injunction a•gainst the judgment at law recovered by him for the sale money, and directed the contract to be can-celled.
The decree of the court below- must, consequently, be reversed with cost, the caude remanded to that court,'and a decree there entered in conformity with the principles of this opinion.
The appellee moved the court for a re-hearing on the following: